UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT WILLIAM WATSON, 9.11.2001
WTC SURVIVOR IN RE SEPTEMBER 11TH
LITIGATION AS PERSONAL
REPRESENTATIVE OF EVELYN WATSON,

                    Plaintiff,

            -against-

GATEWAY PROPERTIES LPP; VICKERY,
JACK, PROPERTY MANAGER; PORTNOY,
GENADIY, PROPERTY MANAGER;
SALAMA, JERRY, MEMBER OF GP; FELIPE
SOLIS,

                    Defendants.

25-CV-1955 (LTS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Robert William Watson, who is appearing *pro se*, brings this action alleging that Defendants violated his rights. By order dated March 20, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses the complaint, but grants Plaintiff 30 days' leave to replead his claims in an amended complaint.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

Plaintiff Robert William Watson brings his claims using the court's general complaint form to which he attaches various documents. Named as Defendants are Gateway Properties LLP; Property Managers Jack Vickery and Genadiy Portnoy; and Gateway Properties "member" Jerry Salama; and Felipe Solis, whom Plaintiff describes as a superintendent. Plaintiff checks the box on the complaint form to invoke the court's federal question jurisdiction, but he states that he is asserting claims under the New York State Human Rights Law, a state law. (*See* ECF 1, at 2.) In the section of the complaint form asking Plaintiff to state the facts giving rise to his claims, he directs the Court to "see in exhibits the affidavit of Robert Watson enclosed." (*Id.* at 5.) He also directs the Court to see two of his prior actions in this court: *Watson v. Sharpton*, No. 23-CV-9716 (LTS) (S.D.N.Y. Feb. 29, 2024) (dismissing action for failure to state a claim on which relief may be granted),[1] and *Watson v. NYPD*, No. 24-CV-6875 (LTS) (S.D.N.Y. Sept. 19, 2024)

---

[1] Plaintiff has filed another action under the same caption that is currently pending. *See Watson v. Sharpton*, No. 24-CV-6916 (LTS) (complaint filed Sept. 6, 2024).

(dismissing action as duplicative of No. 24-CV-6826), *appeal dismissed*, No. 24-2820 (2d Cir. Jan. 6, 2025).[2]

Plaintiff attaches a document labeled as a "Supplemental Affidavit" that is captioned for his appeal to the United States Court of Appeals for the Second Circuit under docket number 24-2820, which was dismissed by the Second Circuit on January 6, 2025. The 13-page affidavit, which is exceedingly confusing, references Plaintiff's cases in this Court against Rev. Al Sharpton and the New York City Police Department, and purports to be asserting claims under Title VII of the Civil Rights Act of 1964, which is a statute that prohibits discrimination in employment, as well as federal constitutional claims and state law claims of defamation.

None of the allegations in the submission relate to the defendants named in this action, and much of the content of the submission does not even appear to relate to Plaintiff. For example, he alleges,

> In this case, the Plaintiff, Mary Bavis, suing on her own behalf and as the representative of the estate of her son, Mark Bavis, alleges that Defendants United Airlines and Huntleigh USA Corporation were negligent in allowing terrorist to board Flight 175 and then, using weapons, to take it over and crash it, thereby causing the death of Mark Bavis, her son. Defendants acknowledge that the events of September 11, 2001, were tragic, but deny that they were negligent.

(*Id.* at 10.) Among other statements in the affidavit are allegations that an individual named West Sprull was charged with murdering an individual named Ann Charle in the Bronx: "Police say Sprull sexually assaulted Charle in her car, but she managed to escape and run naked down the street. But Sprull, who was also naked, allegedly chased after her and shot her three times – in the head and in her chest." (*Id.* at 16.)

---

[2] Plaintiff's action under docket number 24-CV-6826 is currently pending. On October 28, 2024, Plaintiff filed a notice of interlocutory appeal of the court's Standing Order directing pro se plaintiffs to ensure that their address of record with the court remains current. ECF 1:24-CV-6826, 5.

In the document, Plaintiff also references being injured while working at 21 Century Optics Laboratory and being fired by that entity on June 8, 2017, He also references claims for compensation that he has filed with the September 11, 2001 Victim Compensation Fund, and states that he is "still pursuing a personal injury action relative to the events of September 11, 2001." (*Id.* at 13.) The document also includes notes from psychiatric evaluations of Plaintiff, excerpts from various emails, and allegations related to Plaintiff's incarceration in the 1990s.

Plaintiff concludes his "Supplemental Affidavit" to the Second Circuit with a request that the court "[a]ssume jurisdiction over this matter"; declare that Defendants violated the First and Fourteenth Amendments; and award Plaintiff compensatory and punitive damages and attorney's fees. (*Id.* at 20.)

## DISCUSSION

### A.    Claims on behalf of Evelyn Watson

In the caption to the complaint, Plaintiff Robert Watson describes himself as "personal representative of Evelyn Watson." (ECF 1, at 1.) It is unclear whether Robert Watson intends to assert claims on behalf of Evelyn Watson. As a nonlawyer, however, Plaintiff can only represent his own interests. *See* 28 U.S.C. § 1654; *U.S. ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008) ("[A]n individual who is not licensed as an attorney may not appear on another person's behalf in the other's cause." (internal quotation marks and citation omitted)); *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991)) (noting that Section 1654 "allow[s] two types of representation: 'that by an attorney admitted to the practice of law by a governmental regulatory body, and that by a person representing himself'"). The Court therefore dismisses without prejudice any claims Plaintiff is asserting on behalf of Evelyn Watson.

B.      **Rule 8**

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

Furthermore, under Rule 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "A complaint fails to comply with Rule 8(a)(2) if it is 'so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" *Strunk v. U.S. House of Representatives*, 68 F. App'x 233, 235 (2d Cir. 2003) (summary order) (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)). Rule 8 "does not demand that a complaint be a model of clarity or exhaustively present the facts alleged," but it does require, "at a minimum, that a complaint give each defendant fair notice of what the plaintiff's claim is and the ground upon which it rests."

Here, Plaintiff's complaint does not comply with Rule 8 because it does not contain a short and plain statement showing that Plaintiff is entitled to relief. Simply put, the complaint is sufficiently ambiguous and confusing that it does not give any defendant fair notice of what claims Plaintiff is asserting. In fact, none of the named Defendants are mentioned in the

complaint, and the document that includes most of Plaintiff's factual allegations, his "Supplemental Affidavit" to the Second Circuit, does not appear to be directed to this court or relevant to any claims against the named defendants. Even when reading with the special solicitude afforded *pro se* litigants, the Court is unable to discern what federal claims Plaintiff is asserting against Defendants. The Court therefore dismisses the complaint for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## C.    Claims under state law

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

## LEAVE TO AMEND GRANTED

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to

6

amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because the Court is unable to say that amendment is futile at this time, the Court grants Plaintiff 30 days' leave to amend his complaint to cure the deficiency identified above. If Plaintiff files an amended complaint, he may only assert claims on his own behalf; he may not assert claims on behalf of Evelyn Watson.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

## CONCLUSION

The Court dismisses the complaint, filed IFP under 28 U.S.C. § 1915(a)(1), for failure to state a claim on which relief may be granted, *see* 28 U.S.C. § 1915(e)(2)(B)(ii), with 30 days' leave to replead.

The Court declines to exercise supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See* 28 U.S.C. § 1367(c)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See* *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:    July 23, 2025
         New York, New York

                              /s/ Laura Taylor Swain
                              LAURA TAYLOR SWAIN
                           Chief United States District Judge

7